**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TINA ROBBINS, individually and on behalf of all others similarly situated who were employed by PREMIER SENIOR LIVING, LLC, and/or any other entities affiliated with or controlled by PREMIER SENIOR LIVING, LLC, | Civil Action No.: 5:21-cv-1164 (DNH/ML) |

Plaintiff,

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

v.

**JURY TRIAL DEMANDED**

PREMIER SENIOR LIVING, LLC, and/or any
other entities affiliated with or controlled by
PREMIER SENIOR LIVING, LLC,

Defendants.

Tina Robbins ("Plaintiff"), on behalf of herself and all others similarly situated, allege as

follows:

## INTRODUCTION

1.      This Class and Collective Action, brought by the Salespeople, Directors and

Administrators of Premier Senior Living Services, LLC ("Premier" or "Defendant"), challenges

Defendant's practices and policies of misclassifying Plaintiff and other similarly-situated

employees as "exempt" employees, and not paying them overtime compensation in violation of

the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2.      Premier ensures that its Salespeople, Administrators and Directors (such as

Maintenance Directors, Dietary Directors, Business Directors and Wellness Directors) spend a

substantial amount of time performing the same tasks as the hourly workers, such as dietary aids

(including passing meals, cleaning and prepping the kitchen and preparing food), housekeeping

aids (including cleaning the building, the bathrooms, the common areas, the resident rooms, and

the kitchen), personal care aids (including showering and personal hygiene of residents, toileting

residents, and dressing residents) activities aids (including overseeing recreational activities to residents in groups and one on one), medical technicians (including ordering and distributing medication), licensed practical nurses (administrating medicine including injections), and maintenance (including snow removal, replacing light bulbs, caulking, plumbing, and painting). Plaintiff and others similarly situated would spend a substantial amount of time, sometimes 100% of their work week, performing tasks like the above outside their exempt positions.

3.      The Divisional Vice President supervising the Named Plaintiff mandated that Named Plaintiff and others learn the "Med Pass" protocol on their own without taking the usual 40-hour training course for distributing medication, an hourly wage duty. Plaintiff worked at Seneca Lake facility but spent about a month at the Edan Olean facility and spent 100% of her time performing hourly duties while there.

4.      The reason Named Plaintiff and others similarly situated had to perform the above non-exempt duties was Defendant's facility was short staffed. Plaintiff is aware of employees in exempt positions performing non-exempt hourly work duties in other locations because she spent approximately one month working at a different location simply to perform only non-exempt hourly type work as described above. Furthermore, she had discussions with multiple exempt employees from other locations who described performing hourly type work as Plaintiff and others in her location have done.

5.      Accordingly, the salespeople, administrators and directors for Defendant are misclassified as "exempt" employees and should receive hourly pay including overtime.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*.

7.      This Court also has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant and Plaintiffs are subject to personal jurisdiction in this district.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10.      Plaintiff Tina Robbins is a resident of New York State who was employed by Defendant salesperson in New York at its Seneca Lake Terrace facility located at 3670 PreEmption Road, Geneva, New York 14456 during the statutory period covered by this Complaint. Defendant failed to compensate Ms. Robbins for all hours worked and failed to pay her appropriate overtime.

11.      At all relevant times hereto, Plaintiff was an "employee" under both New York State and federal law.

12.      Defendant Premier provides residential living facilities for seniors and has a location called Seneca Lake Terrace at 3670 PreEmption Road, Geneva, New York 14456, and headquarters located at 245 Park Avenue, 39th Floor, New York, New York 10167. It has 16 facilities across five states, including New York, Pennsylvania, Ohio, North Carolina and Michigan. At all relevant times during the statutory period covered by this Complaint, Defendant has transacted business within the State of New York, including locations within this District. Upon information and belief Defendant has employed dozens of exempt employees within New York, and hundreds across the country.

13.      At all relevant times hereto, Premier was an "employer" of Plaintiff and other

similarly-situated employees, within the meaning of the NYLL and FLSA.

14.     At all relevant times hereto, Premier was an "enterprise" engaged in commerce or in the production of goods for commerce, within the meaning of the NYLL and FLSA.

## FACTS

15.     Named Plaintiff began working for Defendant in November 2019 as a Salesperson at its Seneca Lake Terrace facility located at 3670 PreEmption Road, Geneva, New York 14456.

16.     Named Plaintiff was hired to work a 40-hour work week but always worked longer, typically about 60-70 hours per week on premises plus an additional 15-20 hours from home on her personal cell phone.

17.     Named Plaintiff was terminated in April 2021.

18.     Plaintiff's job duties as a Salesperson included showing the residential facilities to potential residents and placing new residents in the facility.

19.     However, Named Plaintiff spent a substantial amount of her time, sometimes 100%, performing duties that should have been performed by hourly, non-exempt employees.

20.     These duties included work of dietary aids (including passing meals, cleaning and prepping the kitchen and preparing food), housekeeping aids (including cleaning the building, the bathrooms, the common areas, the resident rooms, and the kitchen), personal care aids (including showering and personal hygiene of residents, toileting residents, and dressing residents) activities aids (including overseeing recreational activities to residents in groups and one on one), medical technicians (including ordering and distributing medication), licensed practical nurses (administrating medicine including injections), and maintenance (including snow removal, replacing light bulbs and painting).

21.     Named Plaintiff personally witnessed other exempt employees, such as directors and the administrator, also performing these duties for a substantial and sometimes 100% of their time.

22.     Other exempt employees worked hours similar to Named Plaintiff.

23.     Named Plaintiff worked for approximately one month at Defendant's location in Olean, New York and spent 100% of her time performing non-exempt hourly duties such as those described above.

24.     Named Plaintiff is aware through telephone conversations with exempt employees at Defendant's other locations that they are also spending a substantial amount of their time performing non-exempt hourly type duties.

25.     Defendant owns and operates 16 residential senior living facilities in five states.

26.     As part of its operations, Defendant employs Salespeople, Directors and Administrators.

27.     Defendant's Directors include Maintenance Directors, Dietary Directors, Business Directors and Wellness Directors.

28.     Defendant's Salespeople, Directors and Administrators are hired as salaried exempt employees.

29.     Defendant's Salespeople, Directors and Administrators spend a substantial amount of their time, sometimes 100% their time, performing the duties of non-exempt hourly employees.

30.     Defendant's Salespeople, Directors and Administrators, are misclassified as exempt from overtime.

31.     Defendant misclassifies its Salespeople, Directors and Administrators as exempt employees in order to circumvent the FLSA and the NYLL and avoid paying those employees overtime.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings this action as a collective action to recover unpaid wages, including unpaid overtime compensation, pursuant to the Fair Labor Standards Act, 29 U.S.C.

§§ 207 and 216(b), on behalf of a class of current and former Salespeople, Directors and

Administrators employed by Defendant during the statutory period covered by this Complaint.

33.    Plaintiffs bring this suit on behalf of the following similarly situated persons:

> All current and former Salespersons, Directors and Administrators
> who have worked for Defendant within the statutory period covered
> by this Complaint, and elect to opt-in to this action pursuant to the
> FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

*34.*    Plaintiffs allege on behalf of the Nationwide Collective Class that they are: (i)

entitled to unpaid wages from Defendant for overtime work for which they did not receive

overtime premium pay, as required by law; and (ii) entitled to liquidated damages pursuant to the

FLSA, 29 U.S.C. § 201, *et seq.*

35.    The claims under the FLSA may be pursued by those who opt-in to this case

pursuant to 29 U.S.C. § 216(b).

36.    Defendant has engaged in a continuing and willful violation of the FLSA.

37.    There are numerous similarly-situated current and former Salespersons, Directors

and Administrators of Defendant who have worked over 40 hours a week without appropriate

overtime pay, in violation of the FLSA.  These employees all spent a substantial, sometimes 100%,

amount of their time performing non-exempt duties.

38.    These similarly-situated current and former Salespersons, Directors and

Administrators would benefit greatly from the issuance of a court-supervised notice of the present

lawsuit and the opportunity to join in the lawsuit pursuant to 28 U.S.C. § 216(b). These similarly-

situated employees are known to Defendant, are readily identifiable, and can be located through

Defendant's records. As such, notice should be sent to Defendant's past and present Salespersons,

Directors and Administrators.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff further brings this action as a state-wide class action pursuant to Fed. R.

Civ. P. 23, on behalf of herself and a class of current and former Salespersons, Directors and Administrators employed by Defendant within the State of New York to recover unpaid wages, including premium overtime compensation for all hours worked in excess of 40 per workweek, and "spread of hours" compensation for all hours worked in excess of 10 hours in a single workday, pursuant to the NYLL.

40.    Plaintiff brings this suit on behalf of herself and a class of similarly situated persons composed of:

> All current and former Salespersons, Directors and Administrators
> who have worked for Defendant in the State of New York during
> the statutory period covered by this Complaint (the "NY Class").

41.    Plaintiff alleges on behalf of the NY Class that Defendant violated the NYLL by, *inter alia*: (i) failing to pay them overtime at the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek; and (ii) failing to provide the required wage notices.

42.    The claims brought pursuant to the NYLL may be pursued by all similarly- situated persons who do not opt out of the NY Class pursuant to Fed. R. Civ. P. 23.

43.    The members of each of the NY Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the NY Class is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are hundreds of individuals in the NY Class.

44.    Common questions of law and fact, the answers to which will advance this litigation, exist as to the NY Class and predominate over any questions only affecting them individually. Indeed, there are few if any purely individual issues in this case. The questions of law and fact that are common to Plaintiff and all members of the NY Class include, but are not limited to, the following:

(a)    whether Salespersons, Directors and Administrators are improperly classified as "exempt" employees under the NYLL;

(b)    whether Plaintiff and the members of NY Class were expected to and/or were mandated to regularly work hours without compensation in violation of the NYLL;

(c)    whether Defendant has failed to pay Plaintiff and members of the NY Class all overtime compensation due to them for all hours worked in excess of 40 hours per week;

(d)    whether it was Defendant's policy or practice not to provide Plaintiff and the NY Class wage notices as required by the NYLL;

(e)    whether Plaintiff and members of the NY Class are entitled to compensatory damages, and if so, the means of measuring such damages; and

(f)    whether Plaintiff and members of the NY Class are entitled to liquidated damages and injunctive relief.

45.    The claims of Plaintiff are typical of the claims of the members of the NY Class she seeks to represent. Plaintiff and the members of the NY Class work, or have worked, for Defendant as Salespersons, Directors and Administrators and are, or were, subject to the same compensation policies and practices, including not being compensated for all hours worked and/or not being paid overtime compensation.

46.    Plaintiff will fairly and adequately protect the interests of the NY Class as her interests are in alignment with those of the members of the NY Class. She has no interests adverse to the class she seeks to represent, and have retained competent and experienced counsel.

47.    Defendant has acted or has refused to act on grounds generally applicable to the NY Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the NY Class as a whole appropriate.

48.    The class action mechanism is superior to other available methods for a fair and

efficient adjudication of the controversy. Common issues of law and fact predominate over any individual issues. The damages suffered by individual members of the NY Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the NY Class to individually seek redress for the wrongs done to them.

49.     The Nationwide Collective Class and the NY Class are hereafter together referred to as the "Classes."

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT OVERTIME VIOLATIONS**
**(On Behalf of the Nationwide Collective Class)**

50.     Plaintiff, on behalf of herself and the Nationwide Collective Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

51.     At all relevant times, Defendant has had gross revenues in excess of $500,000.

52.     At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53.     At all relevant times, Defendant has employed, and/or continues to employ, Plaintiffs and each of the Nationwide Collective Class Members within the meaning of the FLSA.

54.     At all relevant times, Defendant had a willful policy and practice of misclassifying Plaintiff and similarly situated Salespersons, Directors and Administrators as "exempt" in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

55.     As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the members of the Nationwide Collective Class, for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.     Due to the Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective Class, is entitled to recover from the Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW — OVERTIME VIOLATIONS**
**(On Behalf of the NY Class)**

58.     Plaintiff, on behalf of herself and all NY Class members, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

59.     Plaintiff was employed by Defendant within the meaning of the NYLL.

60.     At all relevant times, Defendant had a willful policy and practice of misclassifying Plaintiff and similarly situated Salespersons, Directors and Administrators as "exempt" in order to avoid paying them for all hours worked or appropriate overtime compensation for all hours worked in excess of 40 hours per workweek.

61.     As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the members of the NY Class, for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, N.Y. Lab. Law Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

62.     Due to the Defendant's violations of the NYLL, Plaintiff and the members of the NY Class are entitled to recover from the Defendant: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to N.Y. Lab. Law Article 19 § 663.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE**
**WAGE NOTICES**
**(On Behalf of the NY Class)**

63.     Plaintiff, on behalf of herself and all members of the NY Class, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

64.     Defendant has willfully failed to provide Named Plaintiffs and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

65.     Plaintiff and those similarly situated did not receive all required wage notices during their employment with defendant.

66.     Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 191(1) and the supporting New York State Department of Labor Regulations.

67.     According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every day they did not receive a wage notice up to a total of $5000, together with costs and reasonable attorney's fees.

68.     By the foregoing reasons, Defendant violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT
### (On Behalf of NY Class)

69.     Plaintiff, on behalf of herself and all NY Class members, realleges and incorporates by reference the paragraphs above as if they were set forth again herein.

70.     This Count is pled in the alternative to Plaintiff's Second Claim for Relief.

71.     Plaintiff and the NY Class were not paid and continue not to be paid wages for all time that they worked.

72.     Defendant retained the benefit of the Plaintiff's and the NY Class members' uncompensated work under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits without paying for their value.

73.     Consequently, Defendant was unjustly enriched by requiring Plaintiff and members of the NY Class to work for hours for which they were not compensated.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the Nationwide Collective Class, and members of the NY Class, respectfully requests that this Court grant the following relief:

A.     Designation of this action as a collective action on behalf of the Nationwide Collective Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B.     Designation of the action as a class action under Fed. R. Civ. P. 23 on behalf of the NY Class;

C.     A declaratory judgment that the practices complained of herein are unlawful under

the FLSA and NYLL;

D.      An injunction against the Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E.      An injunction against the Defendant and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from taking any retaliatory actions against Plaintiffs, the Nationwide Collective Class and the members of the NY Class;

F.      An award of unpaid overtime compensation to Plaintiff, the Collective Action members, and the members of the NY Class;

G.      An award to Plaintiff and the members of the NY Class of statutory damages under regulations promulgated under the NYLL for failure to provide wage notices;

H.      An award of liquidated damages to Plaintiffs and members of the Classes;

I.      An award of prejudgment and post-judgment interest to Plaintiff and members of the Classes;

J.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs and members of the Classes; and

K.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: October 26, 2021                    Respectfully submitted,


                                           By: _/s/ Frank S. Gattuso_____
                                           Frank S. Gattuso
                                           GATTUSO & CIOTOLI, PLLC
                                           Bar Roll No. 513636
                                           7030 E. Genesee Street
                                           Fayetteville, NY 13066
                                           (315) 314-8000
                                           fgattuso@gclawoffice.com


                                           _/s/ James Emmet Murphy_
                                           James Emmet Murphy
                                           VIRGINIA & AMBINDER, LLP
                                           40 Broad Street, Seventh Floor
                                           New York, New York 10004
                                           (212) 943-9080
                                           jmurphy@vandallp.com


                                           *Attorneys for Plaintiff and the Putative Class*